**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff–Appellee, | No. 11-2220 |
| v. | (D.C. No. 1:10-CR-02213-MV-1) |
| WILLIAM BELIN, | (D.N.M.) |
| Defendant–Appellant. | |

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). This case is therefore ordered submitted without oral argument.

Defendant William Belin was convicted by a jury of assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury, and use of a firearm during and in relation to a crime of violence. These charges arose out of a domestic dispute between Defendant and his girlfriend, during which Defendant shot

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his girlfriend in the shoulder. Both Defendant and his girlfriend are enrolled members of the Navajo Nation, and the charged conduct occurred on Indian land. In this direct criminal appeal, Defendant challenges the admission of evidence under Rule 404(b) of the Federal Rules of Evidence. He also raises an ineffective assistance of counsel claim.

First, Defendant argues the district court erred in allowing the government to admit evidence that Defendant assaulted and threatened to kill his girlfriend five months prior to the charged conduct. During trial, Defendant did not object and even stipulated to the admission of this evidence. Accordingly, we review the district court's admission of the evidence for plain error. *United States v. Herndon*, 982 F.2d 1411, 1414-15 (10th Cir. 1992). Under Rule 404(b), evidence of "a crime, wrong, or other act" is admissible to show proof of "motive, opportunity, intent, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The admission of Rule 404(b) evidence is proper if: (1) the evidence is admitted for a proper purpose, (2) the evidence is relevant, (3) the danger of unfair prejudice does not substantially outweigh the probative value of the evidence, and (4) upon the defendant's request, the district court gives a proper limiting instruction. *Huddleston v. United States*, 485 U.S. 681, 691 (1988).

The government introduced evidence of the prior assault for the purpose of proving Defendant's intent and the absence of mistake or accident. Throughout trial, Defendant maintained he had not intended to shoot his girlfriend and the shooting was accidental. After thoroughly reviewing the briefs and the appellate record, we conclude the district court did not commit plain error in allowing evidence of the prior assault. We

therefore affirm the ruling.

Second, Defendant argues he received ineffective assistance of counsel as a result of his trial counsel's failure to object to the introduction of the Rule 404(b) evidence and failure to request a limiting instruction from the court. Defendant acknowledges that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). However, he contends his claim should be addressed now because the issue can be determined on the appellate record without any further development. We have explained that "even if the record appears to need no further development, the claim should still be presented first to the district court in collateral proceedings (which can be instituted without delay) so the reviewing court can have the benefit of the district court's views." *Id.* We therefore decline to address Defendant's ineffective assistance claim on this direct appeal. However, we do so without prejudice to Defendant's right to raise the issue in proceedings properly brought under 28 U.S.C. § 2255.

For the foregoing reasons, we **AFFIRM** Defendant's conviction.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-